UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

THEODORE HAASE,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THEODORE HAASE (hereinafter "Plaintiff"), sues Defendant, NCL (BAHAMAS) LTD. (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, THEODORE HAASE, is a citizen and resident of Margate, New Jersey.

2. Defendant, NCL (BAHAMAS) LTD., is a foreign entity with its principal place of business in Miami, Florida at 7665 Corporate Center Drive, Miami, Florida 33126.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
   b. Was engaged in substantial and not isolated activity within this state;
   c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
   d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
   f. Operated vessels in the waters of this state;
   g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard NORWEGIAN BLISS.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled NORWEGIAN BLISS.

8. At all times material hereto, Defendant had exclusive custody and control of NORWEGIAN BLISS.

9. On or about March 4, 2020, Plaintiff was a passenger aboard NORWEGIAN BLISS which was in navigable waters.

10. On or about March 4, 2020, Plaintiff slipped and fell in his cabin shower as a result of the negligence and failure to maintain of Defendant. Although not apparent to Plaintiff, the shower floor was unreasonably worn and, because he was not provided with any rubber mat or other like devise to place down, this made the floor unreasonably slippery and caused him to slip while showering. Because the shower was not equipped with proper handrails or grab-bars, Plaintiff attempted to catch himself with the shower door. However, due to a faulty stopper at the bottom of the door, the door opened both in an out, and as Plaintiff grabbed onto the door to keep himself from falling, the door opened into the shower causing him to fall and severely injure his right knee. Upon information and belief, previously, other passengers on Defendant's ships have been injured under similar circumstances as a result of Defendant's failure to exercise reasonable care.

11. Prior to his fall, Plaintiff had requested a rubber shower mat from his cabin steward, but none was provided. Shortly after his fall, during Defendant's investigation of his incident, Defendant's security officer advised Plaintiff advised Plaintiff that the shower floor was very worn making it unreasonably slippery.

12. As a consequence, Plaintiff sustained severe injury to his right knee, involving at least 2 meniscal tears, and necessitated medical care in the ship's Medical Department and ashore

in Nassau, Bahamas.

13. As a consequence, Plaintiff has also necessitated continued medical care following his return home.

14. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## **COUNT I – NEGLIGENCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

15. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

16. On or about March 4, 2020, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

17. On or about March 4, 2020, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care under the circumstances for Plaintiff's safety; and/or
   b. Failure to provide Plaintiff with a reasonably safe shower in Plaintiff's cabin, inclusive of a safe floor, proper handrails/grab-bars, and a properly functioning door; and/or
   c. Negligently maintaining the shower in Plaintiff's cabin, inclusive of a safe floor, proper handrails/grab-bars, and a properly functioning door rendering the shower unsafe for passengers, including Plaintiff; and/or
   d. Negligently failing to repair the shower in Plaintiff's cabin, inclusive of the floor, the handrails/grab-bars, and the door rendering the shower unsafe for passengers, including Plaintiff; and/or
   e. Failure to equip the floor of the shower with an adequate anti-slip covering or provide a rubber mat or other similar coverings to allow for safe use of the shower in Plaintiff's cabin; and/or
   f. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident suffered by Plaintiff; and/or
   g. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff; and/or

    h.    Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident suffered by Plaintiff.

18.    Defendant created the foregoing conditions causing Plaintiff's accident.

19.    Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

20.    The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

21.    As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. Plaintiff also lost the value of his cruise. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## **COUNT II – FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

22.    At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

23.    On or about March 4, 2020, Defendant, and/or its agents, employees, and/or

servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a dangerous condition known to Defendant.

24. On or about March 4, 2020, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to warn Plaintiff of a dangerous condition, to wit: an unreasonably slippery cabin shower floor which created a hidden, non-obvious slip hazard and rendered the shower unreasonably dangerous for Plaintiff and which Defendant was on actual notice of, or, in the exercise of reasonable care, should have had knowledge of and been on notice of; and/or
   b. Failure to warn Plaintiff of a dangerous condition, to wit: that the shower was not equipped with proper handrails/grab-bars to prevent this very type of incident which created a hidden, non-obvious hazard and rendered the shower unreasonably dangerous for Plaintiff and which Defendant was on actual notice of, or, in the exercise of reasonable care, should have had knowledge of and been on notice of; and/or
   c. Failure to warn Plaintiff of a dangerous condition, to wit: that the shower door opened in and out which created a hidden, non-obvious hazard and rendered the shower unreasonably dangerous for Plaintiff and which Defendant was on actual notice of, or, in the exercise of reasonable care, should have had knowledge of and been on notice of.

25. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

26. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition.

27. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered

physical handicap. Plaintiff also lost the value of his cruise. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE:  March 2, 2021

                Respectfully submitted,

                **EDUARDO J. HERNANDEZ, LLC**
                *Attorneys for Plaintiff*
                10691 N. Kendall Drive – Suite 109
                Miami, Florida 33176
                Telephone: (305) 567-0910
                Facsimile: (786) 454-8905

By:   */s/ Eduardo J. Hernandez*
       EDUARDO J. HERNANDEZ
       Florida Bar No. 061451
       ehernandez@ejh-law.com